44406.   OSBORNE, Administrator v. WELCH et al.,
by Next Friends.

FELTON, Chief Judge. In the absence of a certificate for immediate review (*Code Ann.* § 6-701 (2) ; Ga. L. 1965, p. 18; as amended by Ga. L. 1968, pp. 1072, 1073), the appeal, from the

854

orders of the trial court overruling the defendant's motion to dismiss for failure to state a claim and his motion to dismiss the complaint on the pleadings, is premature and must be dismissed. *Goldberg v. Monroe*, 224 Ga. 693 (164 SE2d 123); *Mize v. Rampey*, 224 Ga. 806 (164 SE2d 816); *Stewart v. Church*, 119 Ga. App. 58 (166 SE2d 436); *Housing Authority of the City of Decatur v. Baker*, 119 Ga. App. 109 (166 SE2d 437).

*Appeal dismissed. Pannell and Quillian, JJ., concur.*

ARGUED APRIL 7, 1969—DECIDED MAY 9, 1969
REHEARING DENIED JUNE 25, 1969.

*Dunaway, Shelfer, Haas & Newberry, John A. Dunaway, Hugh F. Newberry*, for appellant.

*Arnold & Cate, William Cate*, for appellees.

*Cook & Palmour, Joseph E. Loggins, McCamy, Minor, Phillips & Tuggle, John T. Minor, III, Matthews, Maddox, Walton & Smith, James D. Maddox*, amicus curiae.

ON MOTION FOR REHEARING.

The motion for a rehearing is based on a purported nunc pro tunc order which certifies that the judgment rendered was of such importance to the case that immediate review should be had and so certifying. This order does not qualify as a nunc pro tunc order for the reason that it does not show that the trial court intended to certify the judgment for immediate review at the proper time and that the omission to do so was through inadvertence. The fact that it was "improvidently" omitted does not meet the legal requirement that it must have been inadvertently omitted. Nothing said herein shall be construed as holding that a nunc pro tunc order certifying a case for review under Section 1 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1073; *Code Ann.* § 6-701 (2)), amending Section 1 of the Appellate Practice Act which order was not secured and entered within 10 days after the entry of the judgment appealed from, is a sufficient compliance with the Act.

*Rehearing denied.*